**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                        **Plaintiff,**

  vs.                                            1:23-cv-779
                                                    (MAD/DJS)

**DOUGLAS WATSON,**

                        **Defendant,**

  vs.

**BIMBO BAKERIES USA, INC.,**

                        **Garnishee.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

**OFFICE OF THE UNITED**           **MELISSA O'BRIEN ROTHBART, AUSA**
**STATES ATTORNEY**
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

**DOUGLAS WATSON**
23 Forbes Avenue
Rensselaer, New York 12144
Defendant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     In a superseding indictment dated January 7, 2015, Defendant was charged with three counts of mail fraud in violation of 18 U.S.C. § 1341. *See United States v. Watson*, No. 1:14-cr-267, Dkt. No. 43 (N.D.N.Y.). On January 20, 2015, on the morning the jury trial was scheduled to commence and absent a plea agreement, Defendant pled guilty to all three counts. On October

27, 2017, the Court sentenced Defendant to the custody of the Bureau of Prisons for a term of imprisonment of twenty-one months on each count, to run concurrently, to be followed by three years of supervised release. Additionally, the Court ordered Defendant to pay restitution of $75,400.00 to his victims. Defendant did not appeal his conviction or sentence.

On June 27, 2023, the Government commenced this action, pursuant to 28 U.S.C. § 3205(b)(1), seeking a Writ of Continuing Garnishment. *See* Dkt. No. 1. In its petition, the Government noted that, as of June 27, 2023, Defendant still owed $52,522.26 in restitution. *See id.* On August 17, 2023, the Court entered a Final Order of Garnishment since no objections by Defendant or any other interested party had been lodged. *See* Dkt. No. 10.

Thereafter, on August 25, 2023, the Government filed a letter it received from Defendant in which he appears to object to the restitution ordered against him and the prospect of an order of garnishment. *See* Dkt. No. 13. In his letter, Defendant generally denies the fact that he engaged in the underlying criminal conduct and further objects to the fact that he was ordered to pay restitution jointly and severally with co-Defendant Daron Murray. *See* Dkt. No. 12 at 1-2. Defendant claims that he should only be responsible for $17,000 in restitution, which he has already paid. *See id.* The Government has filed a response in opposition to Defendant's letter, arguing that the Final Order of Garnishment should remain undisturbed. *See* Dkt. No. 13.

## II. DISCUSSION

The Mandatory Victims Restitution Act, 18 U.S.C. § 3663, *et seq.* (hereinafter "MVRA") governed the sentencing in this matter. Under the MVRA, the Government may enforce restitution against all property and rights to property owned by a defendant. *See* 18 U.S.C. § 3613(a); *see also* 18 U.S.C. §§ 3613(f), 3664(m)(1). An order of restitution constitutes a lien in

favor of the United States against all property and rights to property of the defendant. *See* 18 U.S.C. § 3613(c).

18 U.S.C. § 3613 sets forth the procedures for the Government to collect criminal financial judgments, such as restitution and criminal fines. That statute authorizes the Government to enforce such debts in accordance with the practices and procedures under federal and state law for the enforcement of a civil judgment. *See* 18 U.S.C. § 3613(a); *see also* 18 U.S.C. §§ 3613(f), 3664(m)(1)(A). The Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.* (hereinafter "FDCPA"), also provides the exclusive remedies for the Government to collect a judgment on a debt, including restitution and criminal fines. *See* 28 U.S.C. §§ 3001(a), 3002(3). The Government, therefore, may enforce restitution through a writ of garnishment under the FDCPA. *See* 28 U.S.C. § 3205(c); *see also United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015) ("The government may enforce restitution orders arising from criminal convictions using the practices and procedures for the enforcement of a civil judgment under the federal or state law as set forth in the [FDCPA]").

28 U.S.C. § 3202 of the FDCPA provides that the defendant in a garnishment action may request a hearing. However, the issues at such a hearing are limited by statute. In particular, Section 3202(d) provides that, by requesting, within twenty (20) days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy and that the issues at such hearing shall be limited –

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and

3

> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –
>
>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>>
>> (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d). The garnishment also provides that, "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property. If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon thereafter as is practicable." 28 U.S.C. § 3205(c)(7).

Here, the Government complied with the requirements of the garnishment statute because it has served proper notice of the garnishment upon Defendant and the garnishee and it has not sought the garnishment here until thirty (30) days after it made demand upon Defendant for payment of his debt. Therefore, by statute, Defendant's challenges to the garnishment are limited to the two issues set forth in the statute: (1) the probable validity of any claim of exemption by the judgment debtor; and (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted. *See* 28 U.S.C. § 3202(d).

First, as a preliminary matter, Defendant did not file any objection to the writ of garnishment with the Court within the required twenty days after service. *See* Dkt. No. 8. To the extent that his letter sent to the United States Attorney's Office can be considered an objection, he did not request a hearing, nor did he indicate any claim of an exemption in his letter. As such, Defendant's "objection" is untimely and fails to present the Court with a valid reason for

reconsidering the Court's Final Order of Garnishment. However, in light of his *pro se* status, the Court will address the arguments raised in Defendant's letter.

In his letter, Defendant contends that the Clerk's Notice of Continuing Garnishment was not signed, seemingly implying that this would render it invalid. *See* Dkt. No. 12 at 2 (citing Dkt. No. 5). The Notice of Continuing Garnishment was, however, signed by the Clerk of the Court. *See* Dkt. No. 5 at 2.

Next, Defendant primarily objects to the writ of garnishment primarily due to the status of his restitution as being owed jointly and severally with co-Defendant Daron Murray. *See* Dkt. No. 12 at 1-5. As noted above, the applicable criminal collection statute, 18 U.S.C. § 3613(a), provides that the Government may enforce restitution against all of Defendant's property and rights to property, and it also has a lien against such property. *See* 18 U.S.C. § 3613(a), (c). The statute also lists the types of property that are deemed exempt for purposes of enforcing restitution. *See id.* In particular, Section 3613 provides that the Government may enforce restitution against a defendant's property, except "(1) property exempt from levy for taxes pursuant to section 6334(a)" of the Internal Revenue Code. *See id.* For criminal debts such as restitution, the only categories of exempt property are (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service connected disability payments; and (10) assistance under the Job Training Partnership Act. *See id.* (citing 26 U.S.C. § 6334(a)). As the Government notes, these exemptions are an exclusive list. *See Glass City v. United States*, 326 U.S. 265, 267 (1945).

Here, Defendant's objection regarding the status of his joint and several restitution does not fall under any of the specific items exempt from levy and, therefore, must be rejected.

Finally, Defendant appears to contend that he was not guilty of the charges in the underlying criminal matter and, therefore, he should no longer be bound by the Court's judgment and imposition of restitution. *See* Dkt. No. 12 at 1-5. Defendant, however, pled guilty to the charges in the underlying criminal action. Defendant was sentenced on October 27, 2017. Defendant did not appeal his conviction or sentence. The Judgment of Conviction specifically directed that, of the $75,400 in restitution Defendant was ordered to pay, $58,400 was ordered joint and several with co-Defendant Daron Murray. The time for Defendant to challenge his conviction and sentence, including the ordered restitution, either on appeal or through collateral attack has long since past and he cannot do so through his objections in this matter.

In sum, the Government followed the procedure set forth in the FDCPA to obtain the writ of garnishment and it was properly served on Defendant. Defendant's criminal conviction was not challenged on appeal and the ordered restitution is valid and it remains outstanding. The Government has established that it is entitled to garnish the subject wages to satisfy payment of the criminal debt. Defendant's objection is therefore rejected.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's objections to the Writ of Garnishment are **REJECTED**; and the Court further

**ORDERS** that the Clerk of the Court shall sever of copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 25, 2024
      Albany, New York

*(signature)*
Mae A. D'Agostino
U.S. District Judge